UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No.:

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) |
| Plaintiff, | ) **INFORMATION**<br>) |
| v. | ) 15 U.S.C. § 1<br>) |
| MARSHALL HOLLAND, | )<br>) |
| Defendant. | ) |

THE UNITED STATES OF AMERICA CHARGES THAT:

## COUNT 1
(Conspiracy to Restrain Trade)

### DESCRIPTION OF THE OFFENSE

1. From in or about February 2017 and continuing until as late as May 2018, in the State and District of Minnesota and elsewhere, Defendant **MARSHALL HOLLAND**, entered into and engaged in an existing combination and conspiracy with his co-conspirators to suppress and eliminate competition by fixing prices, rigging bids, and allocating markets for lots offered for sale by GSAAuctions. The combination and conspiracy engaged in by Defendant and his co-conspirators was in unreasonable restraint of interstate trade and commerce in violation of Section 1 of the Sherman Act (15 U.S.C. § 1).

2. The charged combination and conspiracy consisted of a continuing agreement, understanding, and concert of action among Defendant and his co-conspirators, the substantial terms of which were to suppress and eliminate competition by agreeing which co-conspirators would submit bids for particular lots offered for sale by GSAAuctions and agreeing which co-conspirator would be designated to win a particular lot offered for sale by GSAAuctions.

1



## MEANS AND METHODS OF THE CONSPIRACY

3. For the purpose of forming and carrying out the charged combination and conspiracy, Defendant and his co-conspirators did those things that they combined and conspired to do, including, among other things:

(a) communicating with each other via phone, text message, and email before and during auctions conducted by GSAAuctions to discuss which co-conspirator would submit the winning bid and whether the items purchased from GSAAuctions would be split among the co-conspirators;

(b) agreeing not to compete against each other when bidding on lots offered for sale by GSAAuctions;

(c) agreeing and designating which co-conspirators would bid on particular lots offered by GSAAuctions and which co-conspirators would submit bids or refrain from bidding on those lots;

(d) agreeing and designating which conspirator would win a particular lot;

(e) communicating their Bidder numbers to each other to facilitate monitoring the bids submitted by the co-conspirators;

(f) submitting rigged bids to GSAAuctions for bid lots located in various states including Arizona, Florida, Hawaii, New York, Pennsylvania, South Dakota, Texas, and Virginia;

(g) deciding whether and how the computers purchased pursuant to the agreement would be split among the co-conspirators; and

(h) submitting payment to GSAAuctions for the lots that were won at collusive and noncompetitive prices.

## BACKGROUND

4.  During the period covered by this Information, GSAAuctions was an electronic system operated by the General Service Administration (the "GSA"), an agency of the Federal Government. GSAAuctions offers the general public the opportunity to bid electronically on a wide variety of federal assets, including equipment that is no longer needed by government agencies ("excessed equipment").

5.  During the period covered by this Information, GSAAuctions listed assets for sale at auction and identified assets available for sale by a sale-lot number. Each lot described the asset(s) for sale, the location of the lot, and designated precise times and dates that the auction of that lot will close. Bidders submitted all bids electronically via the GSAAuctions website. While the lot was open for bidding, prospective bidders could submit bids and monitor the number and amounts of competing bids on the GSAAuctions website. The GSAAuctions website only identified bidders by a generic identifier, such as "Bidder #1" or "Bidder #2." The user name of each bidder was hidden and not available for viewing by the general public either during or after the auction.

## DEFENDANT AND CO-CONSPIRATORS

6.  During the period covered by this Information, Defendant was a resident of Texas. During the period covered by this Information, Defendant owned, operated, and was the sole member of Company A, an entity organized and existing under the laws of Texas with its principal place of business in Texas. During the period covered by this Information, Defendant and Company A were registered to bid at GSAAuctions and submitted on-line bids to GSAAuctions to purchase of computers.

7. Others not made defendants in this Information, participated as co-conspirators in the offense charged herein and performed acts and made statements in furtherance thereof.

8. Whenever in this Information reference is made to any act, deed or transaction of any corporation, the allegation means that the corporation engaged in the act, deed, or transaction by or through its officers, directors, agents, employees, or other representatives while they were actively engaged in the management, direction, control or transaction of its business or affairs.

## TRADE AND COMMERCE

9. During the period covered by this Information, Defendant and his co-conspirators, who were located in various states, purchased computer equipment located in various states from GSAAuctions in a continuous and uninterrupted flow of interstate trade and commerce by submitting rigged bids to GSAAuctions via GSAAuctions' server located in Eagan, Minnesota. The computer equipment that was purchased was then shipped from various states to Defendant in Texas and to his co-conspirators who were located Missouri and Pennsylvania. In addition, substantial payments for the computers purchased by Defendant and his co-conspirators traveled in interstate commerce.

10. During the period covered by this Information, the business activities of Defendant, Company A, and his co-conspirators in connection with the submission of bids to GSAAuctions for the purchase of computer equipment that were the subject of this Information were within the flow of, and substantially affected, interstate trade and commerce.

ALL IN VIOLATION OF TITLE 15, UNITED STATES CODE, SECTION 1.

Date: March 4, 2019

*[signature]*

MAKAN DELRAHIM
Assistant Attorney General
Antitrust Division
United States Department of Justice

*[signature]*

ANDREW C. FINCH
Principal Deputy Assistant Attorney General
Antitrust Division
United States Department of Justice

*[signature]*

RICHARD A. POWERS
Deputy Assistant Attorney General
 for Criminal Enforcement
Antitrust Division
United States Department of Justice

*[signature]*

MARVIN N. PRICE, JR.
Director of Criminal Enforcement
Antitrust Division
United States Department of Justice

U.S. DEPARTMENT OF JUSTICE,
ANTITRUST DIVISION, BY

*[signature]*

KALINA M. TULLEY
Acting Chief,
MICHAEL N. LOTERSTEIN
Assistant Chief,
Antitrust Division
Chicago Office

*[signature]*

CARLA M. STERN, IL Bar No. 6201979
carla.stern@usdoj.gov
DANIEL W. GLAD, IL Bar No. 6291567
daniel.glad@usdoj.gov

Trial Attorneys
U.S. Department of Justice,
Antitrust Division
Chicago Office
209 South LaSalle Street
Suite 600
Chicago, IL 60604
Tel: (312) 984-7200